UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN BUTLER, | 1:15-cv-00041-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER |
| vs. | |
| M. OLIVEIRA, et al., | (Doc. 7.) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

## I.   BACKGROUND

Derwin Butler ("Plaintiff") is a state prisoner proceeding pro se with this civil rights case pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 5, 2014, at the U. S. District Court for the Northern District of California.  (Doc. 1.) On January 2, 2015, the case was transferred to the Eastern District of California.  (Doc. 4.)  On March 13, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 3.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).  (Doc. 9.)

On March 17, 2015, the Court issued an order requiring Plaintiff to show cause, within thirty days, why this case should not be dismissed for Plaintiff's failure to comply with the

Court's order of January 9, 2015, which required him to submit an application to proceed in forma pauperis or pay the filing fee for this action. (Doc. 10.) On March 23, 2015 and April 3, 2015, Plaintiff filed notices to the Court, but neither of the notices was responsive to the Court's orders or showed cause why the case should not be dismissed. (Docs. 11, 12.) To date, Plaintiff still has not paid the filing fee or submitted an application in response to the Court's January 9, 2015 order.

## II.    DISMISSAL FOR FAILURE TO COMPLY

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 5, 2014. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is a prisoner who

may be indigent, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED without prejudice, based on Plaintiff's failure to obey the Court's order of January 9, 2015; and
2. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 30, 2015**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE